Martin, J.
I concur with every part of the opinion of judge Porter, except that which relates to the claim for a sum equal to the costs of the plaintiff’s passage back to France.
The defendant has not stated in his answer that he tendered a passage on board of any vessel, to the plaintiff; on the contrary he *200 denied the plaintiff’s right to such a pas-V. : It appears therefore clear to me that sage. p|a¡n^¡jp had a right, immediately Oft bringing on his suit, to be compensated in damages for the failure of the defendant, to perform that part of the contract, which entitled the plaintiff to demand a passage to France. This right to damages, for this partial breech of the contract, certainly survives to his representatives.
Had the plaintiff, on the defendant’s refusal to furnish him with a passage, embarked for France, he might have sued the defendant for the passage money he might have paid, and this would have been recoverable, even if the vessel which carried the plaintiff had sunk, if, unable to procure such a passage, the defendant had given up his expectations to return, he could have had an action to be compensated for this sacrifice. This action could certainly survive. Likely it is this very action that he has instituted. I think his death pendente lite has not put the defendant in a better situation.
The passage was a part of the price of the plaintiff’s services.
I think the judgment ought to be affirmed.
*201 Mathews, J.
This action is founded on a contract, by which the plaintiff agreed to serve the defendant as a cook, for a certain time, stipulated between the parties in a written instrument. Before the expiration of the period of service, the cook was discharged by his employer; and proceedings took place, as have been stated by the junior jiudge of the court; with whom I agree in opinion in all things, except his construction of that clause in the contract which relates to the payment of the price of the passage of the plaintiff back to Havre. I think the obligations arising out of this contract were entirely reciprocal on the parties up to the period at which the services of Bethmont ceased, by the will of the defendant; and that from that moment, the,., only remaining obligation (necessary to a complete fulfilment of Isaid contract) rested^ altogether on Davis. IHe had bound himself unconditionally to pay Ithe passage of the plaintiff back to Havre, in IFrance, at the expiration of the time of ser-Ivicé ásUlipulated, which, in my opinion, created a positive obligation on his part, to pay Iso much money as would^mount to the price |of such passage; for it could not in any *202 manrfér concern the interest of the employer Whát disposition the servant might make of himself, after his services had ceased. Con-sidere¿ ⅛ this way, the contract must be extended to the representatives of the plaintiff, vvlio are entitled to the full benefit of that stipulation which relates to the passage back to Havre, notwithstanding his death. I therefore concur with judge Martin, that the judgment of the district court should be affirmed with costs.
,iPreston for the plaintiff, Davezac for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.